IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00130-LTB-SBP

GABRIEL B. ATSEPOYI,

    Plaintiff,

v.

TIKTOK and
BYTEDANCE, INC., a.k.a. TikTok,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Susan Prose, United States Magistrate Judge**

This matter comes before the Court on the second amended Complaint (ECF No. 11) filed *pro se* by Plaintiff, Gabriel B. Atsepoyi, on February 15, 2024. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 15). Having carefully reviewed and considered the filings to date, the entire case file, and the applicable law, this court respectfully **RECOMMENDS** that the second amended Complaint and this action be dismissed.

### BACKGROUND

The court must liberally construe Plaintiff's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Plaintiff initiated this action *pro se* on January 16, 2024, by filing a Complaint (ECF No.

1

1). He filed an amended Complaint on February 2, 2024 (ECF No. 5). Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. (ECF No. 8).

In a February 15, 2024 Order (ECF No. 8), the Court reviewed the amended Complaint, determined that it suffered from pleading deficiencies, and directed Plaintiff to file a second amended Complaint on the court-approved general Complaint form within 30 days. Plaintiff filed a second amended Complaint (ECF No. 11) that is not on the court-approved form. He did not file an additional amended pleading before the deadline.[1]

Plaintiff alleges in the second amended Complaint that he is a resident of Colorado, and that Defendant TikTok, a social media platform, is a Chinese company with a presence in California.[2] (ECF No. 11 at 3, 6). Plaintiff states that beginning in January 2024, he contacted TikTok several times requesting to "opt out" of his user account, or to remove the account from TikTok's platform, but TikTok has thus far failed to comply with his request. (*Id.* at 6-8). Plaintiff states that TikTok "sends daily messages to the Plaintiff to use its platform" and that "Plaintiff's privacy rights and the rights of over 100 children" are being violated daily by

---

1 The copy of the February 15, 2024 Order sent to Plaintiff at his physical mailing address of record was returned to the Court as undeliverable on February 28, 2024. (*See* ECF No. 12). In the February 15, 2024 Order, the Court directed the clerk of the court to email a copy of the Order to Plaintiff, as a one-time courtesy, to Plaintiff's email address: prince.gabriell@gmail.com. (*See* ECF No. 8 at 6-7). The Court informed Plaintiff that if he wished to receive email notifications, he may register for e-filing by following the steps posted on the court's website under the section "ProSe E-Filer Information." (*Id.* at 7). Otherwise, Plaintiff is obligated to provide the Court with a current physical mailing address. *See* D.C.COLO.LCivR 5.1(c). Plaintiff has not registered as an E-Filer and the mailing address on file with the Court is not current, as required by the Local Rules.

2 In the second amended Complaint, Plaintiff appears to allege that Defendant ByteDance, Inc. is also a Chinese corporation with its principal place of business in California. (*See* ECF No. 5 at 2-3).

TikTok." (*Id.* at 7). Plaintiff asserts that he is being harassed by a "hacker" who has threatened him and his family. (*Id.* at 8). He further alleges that TikTok is denying him access his user account. (*Id.* at 9). Plaintiff asserts state law tort claims against the Defendants, as well as a violation of the Colorado Privacy Act. (*Id.* at 3-4). For relief, Plaintiff seeks an injunction requiring the Defendants to delete his TikTok account, as well as damages. (*Id.* at 5).

## ANALYSIS

### I. Standing

Plaintiff asserts in the second amended Complaint that this case is about "[his own] privacy rights" and the "rights of 100 innocent children." (ECF No. 11 at 10). To the extent Plaintiff purports to assert claims on behalf of others, he fails to demonstrate that he has standing to do so.

A litigant "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). To have standing under Article III of the federal Constitution, a plaintiff must show that (1) he personally suffered an actual or threatened injury; (2) the injury is fairly traceable to the defendant's illegal conduct; and (3) the injury is likely to be redressed by a favorable decision. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State Inc.*, 454 U.S. 464, 472 (1982); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In addition to constitutional standing requirements, courts also recognize certain judicially-created prudential principles that further limit the court's adjudicatory ability. *See Valley Forge Christian Coll.*, 454 U.S. at 474 ("[b]eyond the constitutional requirements, the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing"). These prudential principles

also require a litigant to assert his own rights and interests, not those of a third party. *See Warth*, 422 U.S. at 499 (prudential standing requires plaintiff to assert "his own legal rights and interests").

The allegations of the second amended Complaint do not show that Plaintiff has standing to assert claims on behalf of others.

## II. Entitlement to Relief Under Colorado Law

Plaintiff asserts claims under Colorado law pursuant to the federal diversity jurisdiction statute, 28 U.S.C. § 1332.[3] Under § 1332 "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States." Diversity jurisdiction exists when there is complete diversity of citizenship between the Plaintiff and each Defendant. *See Newman–Green, Inc. v. Alfonzo– Larrain*, 490 U.S. 826, 829 & n. 1 (1989); *Ravenswood Inv. Co, L.P. v. Avalon Correctional Services*, 651 F.3d 1219, 1233 (10th Cir. 2011). The complaint must allege facts to satisfy the jurisdictional requirements of § 1332. *See State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1272 (10th Cir.1998).

Because the allegations of the second amended Complaint indicate that the parties are of

---

3 Plaintiff does not allege a federal cause of action in the second amended Complaint to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331. Although Plaintiff makes a conclusory assertion that TikTok is violating his Fourth Amendment rights by refusing to delete his user account, *see* ECF No. 11 at 9, the Fourth Amendment's proscription against unreasonable searches and seizures applies only to governmental action. *See United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (stating that Fourth Amendment is wholly inapplicable "to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government.").

diverse citizenship and Plaintiff requests damages exceeding the requisite amount in controversy, the Court will assume, for purposes of this Recommendation, that diversity jurisdiction exists in this action.

### A. Rule 8 of the Federal Rules of Civil Procedure

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* A plaintiff's vague and conclusory allegations that his rights have been violated do not entitle him to a day in court regardless of how liberally the court construes his *pro se* pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. To satisfy Fed. R. Civ. P. 8(a), a plaintiff must allege, in a clear, concise, and organized manner, what each named defendant did to him, when the defendant did it, how the defendant's action harmed him, what specific legal right he believes the defendant violated, and what specific relief he requests. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted).

### B. Claim under Colorado Privacy Act

Plaintiff purports to assert a claim for relief against Defendants under the Colorado Privacy Act ("CPA"), Colo. Rev. Stat. ("C.R.S.") § 6-1-1301, *et seq.* (effective July 1, 2023). The CPA:

> (A) Provides consumers the right to access, correct, and delete personal data and the right to opt out not only of the sale of personal data but also of the collection and use of personal data;
>
> (B) Imposes an affirmative obligation upon companies to safeguard personal data; to provide clear, understandable, and transparent information to consumers about how their personal data are used; and to strengthen compliance and accountability by requiring data protection assessments in the collection and use of personal data; and
>
> (C) Empowers the attorney general and district attorneys to access and evaluate a company's data protection assessments, to impose penalties where violations occur, and to prevent future violations.

§ 6-1-1302(c)(2), C.R.S.

There is no private right of action for a violation of the CPA. *See* § 6-1-1310(1), C.R.S. ("this part 13 does not authorize a private right of action for a violation of this part 13 or any other provision of law"). Instead, under § 6-1-1311(1)(a), "the attorney general and district attorneys have exclusive authority to enforce this part 13 by bringing an action in the name of the state or as parens patriae on behalf of persons residing in the state."

Plaintiff does not have a viable cause of action against Defendants under the CPA. Therefore, he must show an entitlement to relief under Colorado tort law.

### C. Invasion of Privacy Torts under Colorado Law

In Colorado, invasion of privacy is a term that encompasses several separate torts commonly identified as:

> (1) publicity that places one in a false light in the public eye; (2) appropriating one's name or likeness for another's benefit; (3) public disclosure of private facts, which concerns the communication or publication to third parties of information or activities which a person has held private; and . . . (4) intrusion upon seclusion, which focuses on the manner in which information that a person has kept private has been obtained." *Doe v. High-Tech Inst., Inc.*, 972 P.2d 1060, 1064-65 (Colo. App. 1998). "Although all of these claims concern, in the abstract, the concept of being left alone, each tort has distinct elements and establishes a separate interest

that may be invaded." *Id*. at 1065.

*Goode v. Gaia, Inc.*, No. 20-cv-00742-DDD-KLM, 2022 WL 596292, at *24 (D. Colo. Feb. 28, 2022), *report and recommendation adopted sub nom. Goode v. Zavodnick*, No. 20-cv-00742-DDD-KLM, 2023 WL 3568126 (D. Colo. Feb. 17, 2023).

The Colorado Supreme Court has explicitly declined to recognize the tort of publicity that places one in a false light in the public eye, "concluding that it is highly duplicative of defamation both in interests protected and conduct averted," and that "the subjective component of the false light tort raises the spectre of a chilling effect on First Amendment freedoms." *Denver Pub. Co. v. Bueno*, 54 P.3d 893, 903-04 (Colo. 2002).

The elements of a cause of action for appropriation of another's name or likeness are: "(1) the defendant used the plaintiff's name or likeness; (2) the use of the plaintiff's name or likeness was for the defendant's own purposes or benefit; (3) the plaintiff suffered damages; and (4) the defendant caused the damages incurred." *See Joe Dickerson & Assocs., Inc. v. Dittmar*, 34 P.3d 995, 997 (Colo. 2001). Plaintiff does not allege facts in the second amended Complaint to satisfy the elements of a cause of action of appropriation of another's name or likeness. *Cf. Rosenblum v. Budd*, 2023 COA 72, ¶ 36, 538 P.3d 354, 364, *cert. denied*, No. 23SC685, 2024 WL 1144424 (Colo. Mar. 11, 2024) (concluding that defendant's use of plaintiff's name to impersonate plaintiff online stated a cause of action for appropriation of another's name or likeness).

The elements of a cause of action for unreasonable disclosure of private facts are: "(1) the fact disclosed was private in nature; (2) the disclosure was made to the public; (3) the disclosure was one which would be highly offensive to a reasonable person; (4) the disclosed fact was not

of legitimate concern to the public; and (5) the one who disclosed the fact did so with reckless disregard of the private nature of the fact disclosed." *Doe*, 972 P.2d at 1065 (citing *Robert C. Ozer, P.C. v. Borquez*, 940 P.2d 371, 377 (Colo. 1997)).

Plaintiff's vague and conclusory allegations that his privacy rights are being "violated daily by TikTok" are insufficient to show that TikTok disclosed information concerning the Plaintiff that would be "highly offensive to a reasonable person." *See e.g. Goode,* 2022 WL 596292, at *25 (dismissing claim of unreasonable disclosure of private facts because "providing an address and phone number in connection with court proceedings" is [not] an "unreasonable disclosure of private facts" that would be "highly offensive to a reasonable person.").

The elements of a cause of action for unreasonable intrusion on the seclusion of another are: "(1) another person has intentionally intruded, physically or otherwise; (2) upon the plaintiff's seclusion or solitude; and (3) such intrusion would be offensive or objectionable to a reasonable person." *See Doe*, 972 P.2d at 1067. Liability is to be imposed "if the intrusion would be highly offensive to a reasonable person." *Pearson v. Kancilia*, 70 P.3d 594, 599 (Colo. App. 2003) (citing Restatement (Second) of Torts § 652B (1981)). Again, Plaintiff has not stated facts to show that TikTok intruded on his solitude in a manner that would be highly offensive to a reasonable person.

It is recommended that the state law tort claims asserted in the second amended Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 8(a) for Plaintiff's failure to state facts showing an entitlement to relief under Colorado law.

## RECOMMENDATION

For the reasons set forth above, it is respectfully

**RECOMMENDED** that the claims Plaintiff purports to assert in the second amended Complaint (ECF No. 11) on behalf of others be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction because Plaintiff does not have standing to assert claims on behalf of others. It is

**FURTHER RECOMMENDED** that the claims Plaintiff asserts in the second amended Complaint on his own behalf be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to plead facts to show an entitlement to relief, as required by Fed. R. Civ. P. 8(a).

DATED April 24, 2024.

BY THE COURT:

Susan Prose
United States Magistrate Judge